[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12448
Non-Argument Calendar

_____

Agency No. A206-860-739


ANTONIO AVILA GUTIERREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 21, 2020)


Before LAGOA, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Antonio Gutierrez ("Petitioner"), a native and citizen of Mexico, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioner's applications for withholding of removal and for relief under the Convention Against Torture, 8 C.F.R. § 208.16 ("CAT").[*] No reversible error has been shown; we deny the petition.

We review only the decision of the BIA, except to the extent the BIA adopts expressly the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA agreed expressly with the IJ's reasoning in this case, we review both the IJ's and the BIA's decisions. See id.

We review de novo the BIA's legal conclusions. Id. We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable

---

[*] The IJ also denied Petitioner's application for asylum. Petitioner raises no challenge to the denial of this form of relief on appeal; we will not address that claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

inferences in favor of that decision." Id. at 1027.  To reverse a fact finding, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

To obtain withholding of removal, an alien must establish that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  "The alien bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country."  Tan v. United States Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).  To satisfy this burden, the alien must demonstrate either past persecution based on a protected ground or that he will more-likely-than-not suffer future persecution on account of a protected ground.  Seck v. United States Att'y Gen., 663 F.3d 1356, 1365 (11th Cir. 2011).

To establish eligibility for CAT relief, an alien must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  Reyes-Sanchez v. United States Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004).  The alien must also show that the torture would be inflicted by or with the acquiescence of the removal country's government.  Id.  "Acquiescence requires that the public official, prior to the activity constituting torture, have

awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." Id. (quotations omitted).

Petitioner first entered the United States in 1992, after which he returned to Mexico two or three times; Petitioner last entered the United States in 2009. Petitioner says he came to the United States because of the "delinquency" in Mexico and says he witnessed assaults, deaths, rapes, and kidnappings committed by a criminal cartel known as "Los Zetas."

In October 2008, Petitioner was attacked by Los Zetas while Petitioner was on his way home from work, having just been paid for the week. Petitioner described his attackers as three men who were heavily armed with lethal weapons. The attackers demanded Petitioner pay them 30,000 pesos. When Petitioner told the attackers that he did not have that kind of money and also refused to hand over the money in his wallet, the attackers beat Petitioner. Petitioner suffered a wound near his eye, cuts to his face, and other injuries causing him to vomit blood. The attackers then stole Petitioner's wallet, watch, cell phone, and wedding ring.

Petitioner was later kidnapped while trying to leave Mexico and to return to the United States. Petitioner was held hostage for about one month until Petitioner's family paid a ransom of 10,000 pesos. During that time, Petitioner says he was only permitted to eat sometimes. Petitioner says his brother was also beaten for money in 2010.

4

In his applications for relief, Petitioner sought withholding of removal based on his membership in a proposed particular social group: "Mexican male[s] that have lived in the United States for over ten years and will be a target of the international criminal organizations that operate in their home country because they are presumed to have money and are in danger of being extorted, kidnapped, tortured and/or even murdered." Petitioner also sought protection under CAT based on his fear that he would be tortured by Los Zetas -- with the acquiescence of the Mexican government -- upon his return to Mexico.

The IJ denied Petitioner's applications for relief. The IJ first determined that Petitioner failed to establish a factual basis for his claims because his testimony was lacking in detail and uncorroborated by other evidence. As a separate and independent reason for denying withholding of removal, the IJ also determined that Petitioner had failed to demonstrate a causal connection between his past mistreatment or feared future mistreatment and a protected ground. About CAT relief, the IJ also concluded that Petitioner presented no evidence that he would be tortured by, or with the acquiescence of, the Mexican government. The BIA agreed with the IJ's reasoning.

An applicant's testimony -- without corroboration -- may be sufficient to satisfy his burden of proof if the testimony is credible, persuasive, and refers to specific facts sufficient to establish his claim. See 8 U.S.C. §§ 1158(b)(1)(B)(ii);

5

1231(b)(3)(C).  If, however, the IJ determines that corroborating evidence is necessary, the applicant must provide that evidence unless he can show that he "does not have the evidence and cannot reasonably obtain [it]."  8 U.S.C. § 1158(b)(1)(B)(ii).

Substantial evidence supports the IJ's and the BIA's determinations that Petitioner failed to provide sufficiently detailed, consistent, and corroborated testimony to establish a factual basis for his claims for withholding of removal and CAT relief.  Petitioner's allegations and testimony about past mistreatment -- including the October 2008 attack by Los Zetas, Petitioner's kidnapping, and the attack on Petitioner's brother -- lacked specific details.  For example, although Petitioner testified that he was kidnapped and held hostage for about one month, he provided no details about the kidnapping itself, about the identity of his kidnappers, or about the location where he was held.

In the light of Petitioner's testimony that his family paid a ransom following Petitioner's kidnapping and that Petitioner's brother was also attacked, the IJ and the BIA determined reasonably that corroborating evidence was necessary. Petitioner, however, provided no witness testimony or affidavits supporting his claims.  Nor has Petitioner shown that such evidence was unavailable or otherwise explained his failure to produce such evidence.

6

Substantial evidence also supports the IJ's and the BIA's second independent ground for denying withholding of removal: that Petitioner failed to demonstrate that he suffered past mistreatment or was likely to suffer future mistreatment on account of a protected ground.  Petitioner's testimony evidences that he was targeted by Los Zetas and by his kidnappers chiefly for financial gain. In a similar way, Petitioner's proposed particular social group demonstrates Petitioner's belief that he was (and will be) targeted by criminal organizations based on a perception that Petitioner has money.  We have said, however, that evidence -- like the evidence presented by Petitioner in this case -- that "is consistent with acts of private violence or . . . that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."  See Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

About Petitioner's application for CAT relief, substantial evidence supports the IJ's and the BIA's determination that Petitioner failed to show that it was more likely than not that, upon return to Mexico, Petitioner would be tortured by, or with the acquiescence of, the Mexican government.  Petitioner makes no assertion that he suffered harm or fears harm inflicted directly by a government official. Although Petitioner presented some evidence of police corruption within Mexico, nothing evidences that the Mexican police had prior specific knowledge of the

October 2008 attack or of Petitioner's kidnapping but refused to intervene.  Nor did Petitioner provide evidence that he reported these attacks to the Mexican police or that the police took no action.

The IJ's and the BIA's decision that Petitioner was unentitled to withholding of removal or to CAT relief is supported by reasonable, substantial, and probative evidence.  Nothing on this record compels us to reverse that decision.

PETITION DENIED.